IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHEELEY ANDREW HUNTER,          *
                                *
       Petitioner,              *
                                *
vs.                             *  CIVIL ACTION NO. 19-00025-TFM-B
                                *
WARDEN GUY NOE,                 *
                                *
       Respondent.              *

## REPORT AND RECOMMENDATION

Cheeley Andrew Hunter, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case.[1] Kelley v. Secretary for the Dep't of Corrs., 377 F.3d 1317

---

[1] Because Hunter filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." Kelley v. Secretary for the Dep't of Corrs., 377 F.3d 1317, 1337 (11th Cir. 2004). Hunter has failed to establish that an evidentiary hearing is warranted in this case. Birt v. Montgomery, 725 F.2d 587, 591 (11th Cir. 1984) (en banc) ("The burden is on the petitioner . . . to establish the need for an evidentiary hearing.").

(11th Cir. 2004).

Having carefully considered Hunter's petition and Respondent's answer (Doc. 11), the undersigned finds that Hunter's petition is due to be denied. Accordingly, it is **RECOMMENDED** that Hunter's habeas petition be **DENIED**; that judgment be entered in favor of Respondent and against Petitioner, Cheeley Andrew Hunter, pursuant to 28 U.S.C. § 2244(d); and that, should Hunter seek the issuance of a certificate of appealability, his request should be denied, along with any request to appeal *in forma pauperis*.

## I. BACKGROUND FACTS AND PROCEEDINGS

Hunter was indicted in September 2003 on three counts of rape in the first degree, three counts of rape in the second degree, and furnishing a controlled substance (marijuana) to a minor. (Doc. 11-1 at 30; 11-8 at 8). Approximately ten years later, on August 23, 2013, a jury in the Circuit Court of Baldwin County, Alabama, returned a verdict finding Hunter guilty of two counts of second degree rape (as charged in Counts IV and V of the indictment), one count of first degree rape (as charged in Count III of the indictment), and selling, furnishing, or giving a controlled substance (marijuana), to a minor (as charged in Count VII of the indictment). (Doc. 11-4 at 51, 58; Doc. 11-7 at 2; Doc. 11-1 at 4; Doc. 11-10 at 4). Hunter was sentenced under the Habitual Felony Offender Act to thirty years for Counts III, IV,

V, and VII to run concurrently. (Doc. 11-4 at 51, 84-86; Doc. 11-5 at 9).

Hunter filed a direct appeal and raised two issues, namely, a venue challenge and an attack on the States' proof that marijuana was a scheduled controlled substance. (Doc. 11-5 at 7, Doc. 11-6 at 10). The Alabama Court of Criminal Appeals affirmed the judgment of the trial court[2] and overruled Hunter's application

---

[2] In its decision, the Alabama Court of Criminal Appeals summarized the evidence presented at trial as follows:

Between February and April of 2003, A.P. was 14 years old when she lived with her mother, M.A., and her mother's then 44-year-old boyfriend, Hunter; A.P. was 25 years old at the time of trial. A.P. had a seemingly normal relationship with Hunter. Hunter would pick A.P. up from school at Robertsdale High School. Hunter would also take A.P. to her grandparents' house located about 10 miles away from Hunter's house. While M.A. was at work, A.P. stayed with Hunter. M.A. worked at Ricken's gas station in Summerdale. Ricken's gas station was located about two miles from her parents', A.P.'s grandparents' house.

Testimony was given that Hunter 'raped' A.P. on three occasions at Hunter's house. On one occasion, A.P. and Hunter were sitting on the bed watching television when Hunter took A.P.'s pants off, got on top of A.P., and had sex with A.P. Hunter also provided A.P. with marijuana and alcohol at his house. Heather Redding, A.P.'s friend, witnessed Hunter give marijuana to A.P.

In his defense, Hunter denied that he gave marijuana to A.P. Hunter also denied that he raped A.P.

(Doc. 11-7 at 3; Doc. 11-16 at 3-4).

for rehearing. (Doc. 11-7 at 2; Doc. 11-10 at 4; Doc. 11-9 at 2; Doc. 11-10 at 4)). The Alabama Supreme Court later denied Hunter's petition for a writ of certiorari, and the Alabama Court of Criminal Appeals issued a certificate of judgment. (Doc. 11-11 at 2; Doc. 11-12 at 2).

Subsequent thereto, Hunter, through counsel, filed a Rule 32 petition. (Doc. 11-13 at 6-46). In the petition, Hunter raised three issues, each related to ineffective assistance of trial counsel: namely, trial counsel's failure to object to a witness's testimony going to the "ultimate issue," trial counsel's failure to object to two witnesses' hearsay testimony, and trial counsel's failure to challenge the sufficiency of the evidence with respect to the charge of unlawful distribution of a controlled substance to a minor.[3] (Doc. 11-13 at 15). The State filed a response in opposition. (Doc. 11-13 at 49).

The circuit court held an evidentiary hearing at which Hunter called no witnesses. (Doc. 11-13 at 3; Doc. 11-14 at 10; Doc. 11-16 at 5). Addressing the merits of Hunter's petition, the trial court found that Hunter failed to show that his trial counsel's performance was deficient or that he was prejudiced by the alleged

---

[3] Hunter amended his Rule 32 petition to add a claim of ineffective assistance of *appellate* counsel for failure to challenge the sufficiency of the evidence supporting his conviction for unlawful distribution of a controlled substance (marijuana) to a minor, but he abandoned the claim on appeal. (Doc. 11-16 at 4-5 n.4).

deficient performance,[4] as required by the standard established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). (Doc. 11-16 at 6-7). Therefore, the court denied Hunter's Rule 32 petition. (Doc. 11-13 at 86-95; Doc. 11-16 at 5).

Hunter appealed the circuit court's ruling, and the Alabama Court of Criminal Appeals affirmed the circuit court's denial of his Rule 32 petition. (Docs. 11-13 at 2, 124-25; Doc. 11-16 at 2). Hunter then filed an application for rehearing, which was overruled the Alabama Court of Criminal Appeals. (Doc. 11-17 at 2; Doc. 11-18 at 2). Hunter subsequently filed a petition for writ of certiorari with the Alabama Supreme Court, which was denied on January 4, 2019. (Doc. 11-19 at 2; Doc. 11-20 at 2). On that same date, the Alabama Court of Criminal Appeals entered a certificate of judgment. (Doc. 11-21 at 2).

Hunter filed the instant petition for habeas corpus relief on January 12, 2019.[5] (Doc. 1). In his § 2254 petition and supporting brief, Hunter attacks his conviction by asserting that he was denied effective assistance of *trial* counsel when his counsel: (1)

---

[4] The circuit court rejected all three of Hunter's claims of ineffective assistance of counsel and further held that Hunter had failed to show any prejudice as a result of these alleged errors. (Doc. 11-13 at 92).

[5] Under the mailbox rule, a prisoner's petition is deemed filed on the date it is delivered to prison officials for mailing, absent contrary evidence. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

failed to object to testimony by a witness that went to the ultimate issue; (2) failed to object to hearsay testimony by two witnesses; and (3) failed to challenge the sufficiency of the State's case for unlawful distribution of a controlled substance (marijuana) to a minor. (Id.; Doc. 13 at 13-25). Additionally, he argues that his *appellate* counsel was ineffective for failing to challenge the sufficiency of the State's case for unlawful distribution of a controlled substance (marijuana) to a minor. (Doc. 13 at 13-25).

In opposition to Hunter's petition, Respondent acknowledges that Hunter's petition is timely; however, Respondent maintains that the petition is due to be denied because Hunter's first three claims (related to the ineffectiveness of his *trial* counsel) were adjudicated on the merits by the state courts, and the decisions of those courts were not contrary to clearly established federal law. (Doc. 11 at 3-6). Respondent also maintains that Hunter's fourth claim, related to the ineffectiveness of his *appellate* counsel, is procedurally defaulted, and that Hunter has not shown cause for the default or prejudice resulting therefrom, nor has he established a fundamental miscarriage of justice. (Doc. 11 at 5).

For the reasons set forth herein, the undersigned **RECOMMENDS** that Hunter's petition be **DISMISSED.**

## II.  ANALYSIS

The Court's review of Hunter's petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA).  Under AEDPA, "the role of the federal courts is strictly limited." Jones v. Walker, 496 F.3d 1216, 1226 (11th Cir. 2007).  Specifically, 28 U.S.C. § 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254.

Thus, a federal court may grant habeas relief only if the state court arrives at a conclusion opposite to that reached by

the United States Supreme Court on a question of law or if the state court decides a case differently from the way the United States Supreme Court did on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 404-05 (2000); Price v. Vincent, 538 U.S. 634, 641 (2003)(noting that a federal court will disturb a state court's habeas decision on the merits only if the petitioner shows that the decision was contrary to, or involved an unreasonable application of, clearly established constitutional law as determined by the United States or if the decision rested upon an unreasonable factual determination).

"[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011). In other words, "if some fairminded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied . . . [T]he deference due is heavy and purposely presents a daunting hurdle for a habeas petitioner to clear." Loggins v. Thomas, 654 F.3d 1204, 1220 (11th Cir. 2011); see also Greene v. Fisher, 565 U.S. 34 (2011)(noting that the AEDPA standard is purposely onerous because "federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error

correction.")(citations and internal quotation marks omitted); Cullen v. Pinholster, 563 U.S. 170, 181 (2011)(noting that the AEDPA standard is a "difficult to meet . . . and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.") (citations and internal quotation marks omitted).

Accordingly, in evaluating Hunter's § 2254 petition, the Court takes great care to abide by the structure that "[a] federal court may not grant habeas relief on a claim a state court has rejected on the merits simply because the state court held a view different from its own." Hill v. Humphrey, 662 F.3d 1335, 1355 (11th Cir. 2011); see also Reese v. Secretary, Fla. Dep't of Corrs., 675 F.3d 1277, 1286 (11th Cir. 2012)("This inquiry is different from determining whether we would decide *de novo* that the petitioner's claim had merit.").

Having established the proper standard of review, the Court turns to Hunter's three ineffective assistance of *trial* counsel claims, which were denied on the merits by the state courts. The Court will consider Hunter's single ineffective assistance of *appellate* counsel claim separately.[6]

---

[6] Respondent asserts that Hunter abandoned his ineffective assistance of *appellate* counsel claim in the state courts. (Doc. 11-16 at 4-5 n.4). Therefore, it will be addressed separately.

A. <u>**Ineffective Assistance of Trial Counsel Claims**</u>.

As discussed, Hunter argues that he was denied effective assistance of trial counsel when his counsel (1) failed to object to testimony by one witness, Tracy Kelly, that went to the ultimate issue; (2) failed to object to hearsay testimony by two witnesses, Heather Redding and Martha Austin; and (3) failed to challenge the sufficiency of the State's case for unlawful distribution of a controlled substance (marijuana) to a minor. (<u>Id.</u>).

1. <u>**The Strickland Standard**</u>.

The Sixth Amendment guarantees criminal defendants a right to reasonably effective legal assistance. <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 476 (2000). In <u>Strickland v. Washington</u>, the Supreme Court adopted a two-prong standard for evaluating claims of ineffective assistance of counsel. <u>Strickland</u>, 466 U.S. 668 (1984). To satisfy the requirements of this two-prong standard, a petitioner must establish (1) "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness, <u>id.</u> at 687-88; and (2) that counsel's deficient performance prejudiced the petitioner by demonstrating a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. Because the failure to demonstrate either deficient

performance or prejudice is dispositive of the claim, courts applying the <u>Strickland</u> test "are free to dispose of ineffectiveness claims on either of [<u>Strickland</u>'s] two grounds." <u>Oats v. Singletary</u>, 141 F.3d 1018, 1023 (11th Cir. 1998)

## 2. **Application of Strickland**.

In dismissing Hunter's Rule 32 petition based on the ineffective assistance of trial counsel claims raised in the instant petition, the circuit court found that Hunter had proved neither deficient performance on the part of his trial counsel nor prejudice from the alleged deficient performance. (Doc. 11-13 at 88-95). On appeal, the Alabama Court of Criminal Appeals reviewed these claims and again found them to be without merit, stating:

> On January 30, 2018, the circuit court denied Hunter's petition. In denying his petition, the court found that Hunter had failed to sufficiently prove his claims as required by Rule 32.3, Ala. R. Crim. P. (C. 86). Moreover, the court further found that all three of Hunter's ineffective-assistance-of-counsel claims were without merit because they were refuted by the record from Hunter's direct appeal and did not satisfy the requirements outlined in <u>Strickland</u>, <u>supra</u>. . . .
>
> On appeal, Hunter reasserts the following three claims from his post-conviction petition: 1) The circuit court erred in denying his claim that his trial counsel was ineffective for failing to object to the testimony of Tracy Kelly, a social worker who interviewed the victim, in which she stated that she believed A.P. had been sexually abused. (Hunter's brief, pp. 14-37). According to Hunter, that testimony constituted impermissible opinion testimony

on the "ultimate issue" by a lay witness and his trial counsel's failure to object to such testimony constituted ineffective assistance. Id. 2) The circuit court erred in dismissing his claim that his trial counsel was ineffective for failing to object to the testimony given by A.P.'s mother, M.A., and A.P.'s friend, Heather Redding, both of whom stated that A.P. told them that Hunter had sexually abused her. (Hunter's brief, pp. 37-48). Specifically, Hunter argues that his trial counsel should have objected to their testimony because, he says, it was inadmissible hearsay. Id. 3) the circuit court erred by dismissing his claim that his counsel was ineffective for failing to challenge the sufficiency of the State's evidence supporting his conviction for unlawfully distributing a controlled substance to a minor. (Hunter's brief, p. 48). Specifically, he argues that his trial counsel should have challenged the State's failure to present any evidence, aside from the victim's own testimony, that he provided A.P. with marijuana. (Hunter's brief, pp. 48-56). According to Hunter, his counsel's failure to do so prejudiced his case because, he says, that motion likely would have been granted. (Hunter's brief, p. 56).

When the circuit court conducts an evidentiary hearing "[t]he burden of proof in a Rule 32 proceeding rests solely with the petitioner, not the State." Davis v. State, 9 So. 3d 514, 519 (Ala. Crim. App. 2006), rev'd on other grounds, 9 So. 3d 537 (Ala. 2007). ..

Here, Hunter did not call his trial counsel to testify at the evidentiary hearing See Clark v. State, 196 So. 3d 285, 312 (Ala. Crim. App. 2015)("'If the record is silent as to the reasoning behind counsel's actions, the presumption of effectiveness is sufficient to deny relief on [an] ineffective assistance of counsel claim.'" Davis v. State, 9 So. 3d 539, 546 (Ala. Crim. App. 2008) (quoting Howard v. State, 239 S.W.3d 359, 367 (Tex. Crim. App. 2007)). In fact, no evidence was presented at

the hearing in support of Hunter's claims.
Therefore, the circuit court correctly found
that Hunter failed to satisfy his burden of
proving that his trial counsel's performance
was deficient or that the performance
prejudiced him. Therefore, the circuit court
properly denied these claims of ineffective
assistance of trial counsel.

For the foregoing reasons, the judgment
of the circuit court is due to be affirmed.

(Doc. 11-16 at 5-8).

Having reviewed the facts of this case, the undersigned cannot conclude that the state courts' rulings on Hunter's three claims of ineffective assistance of trial counsel were "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103. Indeed, the state circuit court and the Alabama Court of Criminal Appeals appropriately found that Hunter's trial counsel's failure to challenge the opinion testimony of the social worker, Ms. Kelley, that the victim had been sexually abused was not deficient because the objections proposed by Hunter were baseless. With respect to this issue, the circuit court found that Ms. Kelly had testified at trial that it was her opinion that the victim had been sexually abused but that she did not testify that it was her opinion that it was Hunter who had abused her. Thus, contrary to Hunter's assertion, the witness did not testify to the ultimate issue, and

his counsel was not deficient for failing to object to the testimony. (Doc. 11-13 at 88-90).

The same holds true with regard to the hearsay testimony of the victim's friend and mother that Hunter had abused the victim. With respect to this issue, the circuit court stated that, while the testimony of Ms. Redding, the victim's friend, regarding what the victim told her may have been hearsay, "the admission of this hearsay was harmless because it was cumulative to the victim's prior and lawfully admitted testimony," and, further, "counsel [had] used the opportunity to challenge Ms. Redding's credibility on cross-examination by asking her why she didn't tell an adult about the sexual abuse." (Doc. 11-13 at 92-94). Likewise, with respect to the victim's mother's testimony, the court found that the testimony regarding what the victim told her was not hearsay because it was admissible for the purpose of explaining her subsequent actions of moving out of Petitioner's home and calling law enforcement to report the sexual abuse and, further, that "[e]ven if it had been hearsay testimony, the admission would have been harmless as it was cumulative to the victim's previous and lawfully admitted testimony." (Doc. 11-13 at 92-94). Thus, Hunter's claim regarding this testimony was without merit.

Likewise, Hunter's claim that his trial counsel was deficient in not objecting to the sufficiency of the State's evidence supporting his conviction for unlawfully distributing a controlled

substance (marijuana) to a minor is also without merit. As found by the circuit court, "[a]mple testimony was presented at trial that the Petitioner gave marijuana to the victim and, thus, was sufficient to support his conviction for distribution of marijuana to a minor." (Doc. 11-13 at 94-95).

Furthermore, as the state courts concluded: "[g]iven the ample evidence of Petitioner's guilt, Petitioner has not shown that suppression of this testimony would have changed the outcome of trial." (Doc. 11-13 at 92). Indeed, the record contains detailed evidence from the victim herself that, when she was fourteen years old, she was left in the care of her mother's boyfriend, Hunter, while her mother was at work, and that, on three separate occasions, Hunter raped her after giving her marijuana and alcohol. (Doc. 11-3 at 99-117).

Neither the decision by the state circuit court denying Hunter's request for Rule 32 relief nor the decision of Alabama Court of Criminal Appeals affirming that decision is contrary to clearly established federal law, nor an unreasonable determination of fact in light of the evidence presented. This Court will not grant relief on a claim that has been adjudicated on the merits by the state courts unless the decision rendered was contrary to, or an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d)(1).

Having examined the record in this case, the undersigned finds that the state courts' determinations regarding Hunter's trial counsel's performance was reasonable and that Hunter has failed to establish that he was denied the counsel guaranteed him by the Sixth Amendment. Hunter has neither shown that his counsel's performance "fell below an objective standard of reasonableness[,]" Strickland, 466 U.S. at 668, nor has he proved that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Indeed, nothing in the record supports the notion that Hunter's trial counsel's failures (as set forth in this habeas petition) amounted to a denial of counsel in violation of the Constitution or that the decisions of the state courts to that effect were so fundamentally erroneous as to amount to a miscarriage of justice.

Accordingly, the undersigned concludes that the decisions of the Alabama Court of Criminal Appeals and the Baldwin County Circuit Court were reasonable determinations of the facts in light of the evidence presented, see 28 U.S.C. § 2254(d)(2), and that the Alabama courts rendered a decision that is neither contrary to, nor an unreasonable application of, clearly-established federal law. See 28 U.S.C. § 2254(d)(1). Therefore, Hunter's claims that he was denied effective assistance of trial counsel should be denied.

**B. Ineffective Assistance of Appellate Counsel Claim.**

In his petition, Hunter also argues that his *appellate* counsel was ineffective for failing to challenge the sufficiency of the State's evidence related to the charge of unlawful distribution of a controlled substance (marijuana) to a minor. (Doc. 1 at 10). However, as Respondent points out, this claim was abandoned by Hunter on appeal in the state court and, therefore, is procedurally barred from review in this Court.

**1. Exhaustion and Procedural Default.**

Section 2254(b)(1) provides that a prisoner in state custody shall not be granted a writ of habeas corpus unless the prisoner "has exhausted the remedies available in the courts of the State." "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A state prisoner's failure to present his claims to the state courts in the proper manner results in a procedural default of those claims. Id., 526 U.S. at 848.

In addressing the proper manner in which a federal claim must be presented to the state court to prevent procedural default, the United States Supreme Court has stated:

> In Picard v. Connor, 404 U.S. 270, 275, 92 S.
> Ct. 509, 512, 30 L.Ed.2d 438 (1971), we said that
> exhaustion of state remedies requires that
> petitioners "fairly presen[t]" federal claims to
> the state courts in order to give the State the

> "'opportunity to pass upon and correct' alleged
> violations of its prisoners' federal rights" (some
> internal quotation marks omitted). If state courts
> are to be given the opportunity to correct alleged
> violations of prisoners' federal rights, they must
> surely be alerted to the fact that the prisoners
> are asserting claims under the United States
> Constitution. If a habeas petitioner wishes to
> claim that an evidentiary ruling at a state court
> trial denied him the due process of law guaranteed
> by the Fourteenth Amendment, he must say so, not
> only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365-66 (1995). The exhaustion doctrine also requires that a petitioner "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. In Alabama, the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to the Alabama Court of Criminal Appeals, and an application for discretionary review by the Alabama Supreme Court. See Ala. R. App. P. 4, 39, 40.

The threshold question here is whether Hunter fully and fairly presented this federal habeas claim to the Alabama courts by invoking one complete round of the State's established appellate review process. As discussed, Hunter asserts in his habeas petition before this Court that his *appellate* counsel was ineffective for failing to challenge the sufficiency of the State's evidence related to the charge of unlawful distribution of a

controlled substance (marijuana) to a minor. (Doc. 13 at 13-25). The record reflects that, although Hunter initially presented this ineffective assistance of appellate counsel claim to the state circuit court in his Rule 32 petition, he abandoned the claim on appeal of the denial of his Rule 32 petition to the Alabama Court of Criminal Appeals. (Doc. 11-16 at 5).

Indeed, in its decision affirming the circuit court's denial of Hunter's Rule 32 petition, the appellate court correctly noted:

> We note that Hunter does not reassert his ineffective assistance-of-appellate-counsel claim. It is well settled that issues raised in a postconviction petition below but not pursued on appeal are deemed abandoned and will not be considered by this Court. See, e.g., Brownlee v. State, 666 So. 2d 91, 93 (Ala. Crim. App. 1995). Therefore, that claim is deemed abandoned.

(Doc. 11-16 at 5 n.4).

A careful review of the record confirms that Hunter did raise this issue in his Rule 32 petition (Doc. 11-13 at 67), but, as the Alabama Court of Criminal Appeals found, he abandoned the issue on appeal, pursuing only his ineffective assistance of his *trial* counsel claims.[7] (Doc. 11-15 at 21; Doc. 11-14 at 12, 58-67). Thus, Hunter has failed to exhaust this federal habeas claim, and any attempt to raise it now in the state court would be futile.

---

[7] The record reflects that Hunter was represented by attorney J.D. Lloyd during his Rule 32 proceedings in the circuit court and that he proceeded *pro se* on appeal of the denial of his Rule 32 petition. (Doc. 11-13 at 46, 67; Doc. 11-14 at 2, 14-16).

See Ala. R. Crim. Proc. 32.2(b)(barring a second or successive petition on any ground that was known at the time that the first petition was heard). Therefore, this habeas claim is procedurally defaulted.

Where a petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief unless either the cause and prejudice exception or the fundamental miscarriage of justice exception is established. See Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001)(citing O'Sullivan, 526 U.S. at 848-49 and Coleman v. Thompson, 501 U.S. 722, 750 (1991)). See also Gates v. Zant, 863 F.2d 1492, 1500 (11th Cir. 1989)("A defendant who is procedurally barred from raising a federal constitutional claim in state court is also barred from raising the claim in a federal habeas petition unless he can show cause for and actual prejudice from making the default."); Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995)("If a state prisoner fails to raise a claim in state court, or attempts to raise a claim in an improper manner, and state procedural rules preclude the state courts from hearing the merits of the claim, then the federal habeas court is also precluded from hearing its merits, absent a showing of cause and prejudice.").

"Cause" for a procedural default exists if "the prisoner can show that some objective factor external to the defense impeded

counsel's efforts to comply with the State's procedural rule," or that the procedural default was the result of ineffective assistance of counsel.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To establish "prejudice," the petitioner additionally must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *United States v. Frady*, 456 U.S. 152, 170 (1982)(emphasis in original).  In the absence of a showing of cause and prejudice, the Court may yet consider a procedurally defaulted claim if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent."  *Smith v. Murray*, 477 U.S. 527, 537-38 (1986).

In his petition before this Court, Hunter argues neither cause for his procedural default nor prejudice as a result thereof, nor does he establish that a denial of review constitutes a fundamental miscarriage of justice.  Indeed, Hunter fails to even address this claim in the context of appellate counsel.  (Doc. 13 at 27).  Therefore, review of Hunter's ineffective assistance of *appellate* counsel claim for failing to challenge the sufficiency of the evidence regarding the charge of unlawful distribution of a

controlled substance (marijuana) to a minor is barred in this Court, and it is due to be dismissed.[8]

### III.  CONCLUSION

Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that Hunter's petition for habeas corpus relief be denied, that this action be dismissed, and that judgment be entered in favor of the Respondent and against the Petitioner, Cheeley Andrew Hunter.  It is further recommended that any motion for a Certificate of appealability or for permission to proceed *in forma pauperis* be denied.[9]

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA GenLR 72(c). The parties

---

[8] Although procedurally barred, the Court notes that this issue is also without merit for the same reasons discussed with respect to the issues Hunter raises regarding his trial counsel. As discussed, ample evidence was presented at trial that Hunter gave marijuana to the victim and, thus, there was sufficient evidence to support his conviction for distribution of marijuana to a minor. Therefore, even if not procedurally barred, there is no merit to this claim.

[9] An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **26th** day of **January, 2022.**

_____**/s/ SONJA F. BIVINS**_____
**UNITED STATES MAGISTRATE JUDGE**